UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASSAN BATTAH,

        Plaintiff,               No. 10-cv-11033
                                            Hon. Gerald E. Rosen
v.

RESMAE MORTGAGE
CORPORATION, a foreign corporation,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, a foreign
corporation, SAFA ETTA, KENNY
ETTA, and ANDY ETTA,

        Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS
BRIDGEFIELD MORTGAGE CORPORATION'S AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S
<u>MOTION TO DISMISS</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      October 28, 2010

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

**I. INTRODUCTION**

The matter is presently before the Court on Defendants Bridgefield Mortgage Corporation's, f/k/a ResMAE Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc.'s (collectively referred to as "the Bank Defendants") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b).

Plaintiff commenced this action on February 24, 2010 in the Oakland County Circuit Court asserting both federal and state law claims against Defendants related to the financing and foreclosure of his property. The Bank Defendants timely removed the case to this district on March 15, 2010. Plaintiff's complaint includes the following claims:

    Count I: Request for temporary injunction of the state law claims

    Count II: Violation of Michigan's Foreclosure by Advertisement Statute - MCL 600.3212

    Count III: Declaratory relief that the named Defendants are not holders of the mortgage note and therefore the debt and mortgage are null and void

    Count IV: Quiet title relief as to Defendants.

    Count V: Civil conspiracy

    Count VI: Fraudulent misrepresentation

    Count VII: Fraudulent conversion

    Count VIII: Promissory estoppel

    Count IX: Breach of contract

    Count X: Violation of the Real Estate Settlement Procedures Act 12 U.S.C. § 2605

    Count XI: Violation of the Fair Housing Act 42 U.S.C. § 3601

The Bank Defendants' motion to dismiss has been fully briefed by the parties. Having reviewed the parties' written submissions in support of and opposition to the Bank Defendants' motion, as well as the remainder of the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials, and

that oral argument would not assist in the resolution of these motions. Accordingly, the Court will decide the Bank Defendants' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court's order and opinion is set forth below.

## II. FACTUAL BACKGROUND

This case arises out of a mortgage loan for $289,750, which Plaintiff obtained from the Bank Defendants on May 22, 2007. The Bank Defendants executed a note evidencing the loan and took a mortgage interest in the property located on 7073 Timberview Trail, West Bloomfield, Michigan. When Plaintiff defaulted on his loan payment obligations, a foreclosure sale was held on April 28, 2009, and the Bank Defendants placed the highest bid on the property. After a sheriff's deed was signed and recorded, Plaintiff made no attempt to pay the redemption amount nor challenged the foreclosure sale during the redemption period, and on November 16, 2009, the Bank Defendants executed a covenant deed, transferring the property to the Etta Defendants.

Plaintiff commenced an action in the Oakland County Circuit Court on December 18, 2009, seeking injunctive relief and a restraining order against any attempt to evict Plaintiff by Defendant Andy Etta. On March 22, 2010, the Honorable Edward Sosnick denied Plaintiff's request for a preliminary injunction, and on March 30, 2010, the entire case was dismissed.

On March 2, 2010, the Ettas commenced an action in the 48th District Court in Oakland County, Michigan, for possession of the property, naming Plaintiff and "all other

occupants" as defendants. On April 13, 2010, the 48th District Court entered a default judgment of possession in favor of the Ettas. On August 6, 2010, the 48th District Court denied Battah's motion for relief of judgment, granted the Ettas' motion for an issuance of an order of eviction, and confirmed the nonexistence of a bankruptcy stay as to Battah.[1] The 48th District Court allowed Battah seven days to appeal the decision, but Battah failed to file an appeal.

### III. ANALYSIS

**A.  Standards Governing Defendants' Motion**

Fed. R. Civ. P. 12(b)(1) authorizes this Court to dismiss a complaint for lack of subject matter jurisdiction. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that federal district courts lack subject matter jurisdiction to review state court proceedings, as such review is limited to the Supreme Court of the United States. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 417, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). Prohibition of federal action pursuant to the *Rooker-Feldman* doctrine is limited to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281, 125 S.

---

[1] Plaintiff Battah has attempted to cause a stay in the litigation with the Etta Defendants through bankruptcy filings on five different occasions (case Nos. 08-61849-MBM, 10-53479-MBM, 10-56294-MBM, 10-64797-MBM, and 10-64896-MBM). All five of these filings have been dismissed for failure to submit documents, and there are currently no pending bankruptcy proceedings.

Ct. 1517, 1520, 161 L. Ed. 2d 454 (2005). The doctrine only applies if the federal claim is "inextricably intertwined" with the state court judgment, meaning the federal claim only succeeds by declaring that the state court wrongly decided the issues before it. *Loriz v. Connaughton*, 233 F. App'x. 469, 474 (6th Cir. 2007). If, however, a plaintiff brings a claim independent of the state court's judgment, even though such a claim denies the state court's legal conclusion, then there is jurisdiction in the district court. *McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006). Thus, *Rooker-Feldman* only applies when the cause of the plaintiff's complaints is the state court judgment itself. *Id.* at 393.

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). The factual allegations, accepted as true, in the complaint "must be enough to raise a right to relief above the speculative level," and "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

5

misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Fed. R. Civ. P. 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." A plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). Failure to comply with Rule 9(b) is grounds for the district court to dismiss the claim. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 524 (6th Cir. 2007).

**B.     Counts I-IV Must be Remanded Pursuant to *Rooker-Feldman***

Here, Plaintiff lost a state court foreclosure and possession action, and the state court entered an order of eviction against him. Any of Plaintiff's current claims which seek to disturb the state court judgments of foreclosure, possession, or eviction, are subject to the *Rooker-Feldman* doctrine. Plaintiff's comparison of *Rooker-Feldman* to the required elements of res judicata and conclusion that *Rooker-Feldman* can only be applied to state court decisions on the merits is incorrect. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x. 487, 490 (6th Cir. 2005) (upholding the application of *Rooker-Feldman* in cases involving state default judgments of foreclosure). The 8th Circuit has also explicitly stated that "*Rooker-Feldman* is broader than claim and issue preclusion because it does not depend on a final judgment on the merits." *Charchenko v. City of Stillwater*, 47 F.3d 981, 985 n.1 (8th Cir. 1995).

6

Plaintiff's claim for a temporary injunction (Count I) specifically seeks to undo the sheriff's sale of the property to the Etta Defendants and prevent the eviction proceedings which took place in the 48th District Court. Such a claim is exactly the type for which dismissal pursuant to the *Rooker-Feldman* doctrine is appropriate. *Givens v. Homecomings Fin.*, 278 F. App'x. 607, 609 (6th Cir. 2008). Similarly, Plaintiff's claims regarding MCL 600.3212, declaratory relief, quiet title, (Counts II-IV) all challenge the validity of the foreclosure and sheriff's sale and are thus inextricably intertwined with the 48th District Court's decision and subject to *Rooker-Feldman*.

Although the Bank Defendants seek dismissal of these claims, which the Court agrees are without merit, dismissal is unfortunately not within the discretion of this Court. The Bank Defendants cite several cases, including binding precedent from the 6th Circuit as well as previous foreclosure cases brought by Plaintiff's counsel in this District, which were all dismissed pursuant to the *Rooker-Feldman* doctrine. All of these cases, however, involved complaints initially filed in federal court by plaintiffs who lost in state court. None of the cited authority includes actions brought in state court which were later removed to federal court. Here, Plaintiff filed his complaint in state court, and the Bank Defendants removed the case to this district. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). The *Rooker-Feldman* doctrine is jurisdictional in nature, and the words of § 1447(c) are unambiguous. Because the Court

7

lacks jurisdiction over Plaintiff's Counts I-IV, it must remand them and is precluded from addressing the Bank Defendants arguments and dismissing these claims on their merits. *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 938 (6th Cir. 2002); *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 45-46 (1st Cir. 2003). Although the 1st Circuit in *Mills* does not clearly state whether or not it is even proper for a defendant to remove a case to federal court only to then claim the court lacks subject matter jurisdiction pursuant to *Rooker-Feldman*, this Court adopts the 1st Circuit's analysis holding that the existence of any subject matter jurisdiction defect mandates remand. *Mills*, 344 F.3d at 46.

The remaining Counts V-XI of Plaintiff's complaint are independent claims regarding alleged actions taken by the Defendants prior to the foreclosure proceedings. Therefore, the source of injury for these claims is not the state court decisions, and subject matter jurisdiction remains proper for the Court to decide these claims on the merits. *McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006).

**C.     Counts V-XI Fail as a Matter of Law**

Plaintiff's fraud claims include fraudulent misrepresentation, civil conspiracy, and fraudulent conversion. A claim of fraudulent misrepresentation under Michigan law requires proof:

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when made he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these

facts must be found to exist; the absence of any one of them is fatal to recovery."

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976).

Plaintiff's fraud claim simply contains conclusory allegations which merely restate the elements of fraudulent misrepresentation. Such a "formulaic recitation of the elements" is exactly what the Supreme Court deemed insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. In a futile attempt to satisfy Rule 9(b), Plaintiff's response brief makes reference to an audit report without any specific explanation of how the content of the report supports the fraud claim. The Court finds that Plaintiff's fraudulent misrepresentation claim fails to meet the basic pleading requirements of both Rules 12(b)(6) and 9(b).

Plaintiff's fraud claim accuses Defendants of "inflat[ing] various figures on the original loan application including but not limited to: (a) inflated income, (b) understated expenses, understated liabilities, understated debt to income ratio and other non-disclosed items as required by Federal law." (Comp. ¶ 38.) Not surprisingly, Plaintiff's counsel used this exact language in another frivolous action brought in this District, and the District Court ordered dismissal for the same pleading deficiencies mentioned above. *Mekani v. Homecomings Fin., LLC*, 10-10992, 2010 WL 2681077, at *6 (E.D. Mich. July 6, 2010). In addition, Plaintiff does not deny that he supplied and verified the

information, including income, on the loan application. Several courts in this District, including this Court, have held that it is absurd for a person to sue for fraud based on the claim that he reasonably relied on inflated statements regarding his own income on a loan application. *Issa v. Provident Funding Group*, Inc., 09-12595, 2010 WL 538298, at *5 (E.D. Mich. Feb. 10, 2010); *Saleh v. Home Loan Services, Inc.*, 09-10033, 2009 WL 2496682, at *2 (E.D. Mich. Aug. 17, 2009).

The Bank Defendants correctly note, that under Michigan law, a claim for civil conspiracy in Michigan is not cognizable without a cognizable underlying tort. *See Admiral Ins. Co. v. Columbia Cas. Ins. Co.,* 194 Mich.App. 300, 486 N.W.2d 351, 358-59 (1992). Here, Plaintiff has failed to establish the underlying tort of fraud; therefore, the civil conspiracy claim also fails. *Nehls v. Hillsdale Coll.*, 65 F. App'x. 984, 992 (6th Cir. 2003). The claim for fraudulent conversion is also dismissed, because no such cause of action exists in Michigan. *Avery v. Benke*, 268107, 2006 WL 2382426 at *2 (Mich. Ct. App. Aug. 17, 2006) (finding that dismissal is proper where a complaint pleads a cause of action that is not recognized by Michigan courts).

Similar to the fraud claims, Plaintiff's promissory estoppel claim fails to meet simple pleading requirements. Under Michigan law, promissory estoppel requires:

> (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided.

10

*Novak v. Nationwide Mut. Ins. Co.*, 235 Mich.App. 675, 687, 599 N.W.2d 546 (1999). Plaintiff claims that the Bank Defendants promised to modify the mortgage contract in lieu of foreclosure. Plaintiff fails, however, to make any well-pleaded factual allegations to support the claim that such a promise was ever made by the Bank Defendants. Plaintiff's response brief again references the loan audit and an April 23, 2009 letter from Zimmerman & Associates, in which Plaintiff demands responses to alleged Qualified Written Requests (QWRs). The Court has reviewed the record and finds no such April 23, 2009 letter exists. There is a letter from Zimmerman & Associates dated September 9, 2009, in which Plaintiff makes the same demand. Even assuming this is the letter Plaintiff intended to reference in his response brief, there is a clear distinction between a demand made by Plaintiff and a promise to fulfill that demand made by the Bank Defendants. The Court finds no support that such a promise by the Bank Defendants was ever made. Plaintiff's statement that "Defendant[s] corresponded and promised orally that they would work with Plaintiff on any problems" is too vague to qualify as a specific promise to modify the mortgage contract in lieu of foreclosure. Therefore, the Court finds that Plaintiff has failed to allege any facts to support the existence of a promise, which is the first element required in a promissory estoppel claim.

Plaintiff's breach of contract claim also fails to meet the requirements of Rule 12(b)(6). Plaintiff's complaint simply makes conclusory allegations that the interest rates were excessive and the Bank Defendants assessed illegal fees, penalties, and other

11

charges. Not once in his complaint does Plaintiff present specific numbers to explain what constitutes an excessive interest rate or which charges by Defendant were illegal. Instead the Plaintiff lazily refers to the HUD statement and audit report, neither of which provides facts as to any breach. Once again, the formulaic recitation of the elements of a claim without any supporting factual allegations is insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Plaintiff's claim under the Real Estate Settlement Procedures Act (RESPA) is yet another identical form complaint, which Plaintiff's counsel has used unsuccessfully in this District. *Mekani*, 2010 WL 2681077, at *7-9. To successfully plead a RESPA claim, Plaintiff must allege actual damages, which resulted from the Bank Defendants' failure to respond to Plaintiff's QWRs. *Id*. at *9. Even assuming arguendo that the Bank Defendants' responses were inadequate, Plaintiff makes no mention of actual damages anywhere in his complaint or response brief. The complete absence of alleged damages warrants a dismissal of Plaintiff's RESPA claim. *Id.* Although the Bank Defendants raise multiple deficiencies in Plaintiff's RESPA claim in addition to failure to allege damages, the Court fully agrees with the findings in *Mekani* and need not repeat the analysis here.

Finally, Plaintiff's claim under the Fair Housing Act (FHA) is barred by the statute of limitations. The statute reads:

> An aggrieved person may commence a civil action in an appropriate United States district court of State court *no later than 2 years* after the occurrence

or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613 (emphasis added). Plaintiff alleges the violations occurred at the closing, when the Defendants failed to inform Plaintiff of various charges and costs related to the loan. The closing occurred on May 22, 2007, and Plaintiff filed this action on February 24, 2010, well past the two-year statute of limitation. In his response brief, Plaintiff attempts to persuade the Court that the start of the two-year period should be based on a letter dated September 9, 2009 sent to the Bank Defendants.[2] The Court finds, however, that a letter alleging violations by the Bank Defendants does not qualify as a conciliation agreement under the statute. Furthermore, it is clear from Plaintiff's complaint that the FHA claim is based on actions which allegedly took place at the May 22, 2007 closing, and therefore, Plaintiff's FHA claim is time-barred.

## IV. CONCLUSION

The Court is well aware of the history and multitude of frivolous claims, including those brought by Plaintiff's counsel, challenging indisputably legal foreclosures in this District. Similar to the plaintiff in *Mills v. Harmon*, Plaintiff here continues to waste judicial resources by trudging through the 48th District Court, the Oakland County Circuit

---

[2] Plaintiff's response brief actually contains fill-in spaces which are blank for the day and month of this letter. The Court assumes Plaintiff is referring to the September 9, 2009 letter of noncompliance, which is referenced in Count XI of the complaint.

Court, Bankruptcy Court, and now federal court in a futile effort to bring as many claims as possible to delay or undo the foreclosure and eviction proceedings. Although procedural constraints obligate remand rather than dismissal of Counts I-IV, the Court presumes the rulings of the 48th District Court related to Counts I-IV will be upheld in the Oakland County Circuit Court, leading to the dismissal with prejudice of these remaining claims.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bank Defendants' motion to dismiss [Dkt. #27] is GRANTED in part as to Counts V-XI, which are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Counts I-IV be REMANDED to the Oakland County Circuit Court.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2010, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137